IN THE MATTER OF THE PETITION OF THOMAS H. WALTER
TO VACATE ASSESSMENTS ON MANHATTAN STREET.

*Application to vacate assessments in New York, when each assessment is equal to
one-half the assessed value of the land — if the assessments are made for
distinct improvements, application not proper.*

APPEAL from an order denying an application to vacate an
assessment.

The petitioner sought to vacate the assessment to which
this application relates upon the ground, among others; that
after the work was done the commissioner of public works
divided the expense into two amounts and caused two assess-
ments to be laid, each of which is the full one-half of the valua-
tion of the land for purposes of taxation, and the aggregate of
which is the full valuation.

The court at General Term said with reference to this ground :
" With regard to the second point it is only necessary to say, that
by the act of 1840, chap. 326, § 7, it is provided as follows : ' Sec-
tion 7. Commissioners or assessors for making estimates and
assessments for any improvements authorized by law, to be assessed
upon the owners or occupants of houses and lots or improved or
unimproved lands, shall, in no case, assess any house, lot, improved
or unimproved lands, more than one-half the value of such house,
lot, improved or unimproved land, as valued by the assessors of
the ward in which the same shall be situated."

The authority thus to assess a lot or piece of land extends to
each improvement authorized by law to be made. The assess-
ment imposed in this case relates to two separate and distinct
improvements, determined upon at different times, and in a
manner duly authorized by law.

It is true that the assessments in the aggregate are equal to
the full assessed value of the land; but neither of the assessments
are in excess of one-half of the value of the land as required by
the act of 1840 (*supra*). The assessments being authorized by
law, and neither of them being for more than one-half of the
assessed value of the land, it seems to be very clear that the

second point is not well taken and is not available therefore to the petitioner.

*Edmund Coffin* for the petitioner, appellant.   *J. A. Beal* for the respondent.

Opinion by Brady, J.   Davis, P. J., and Ingalls, J., concurred.

Order affirmed.